IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01095-RBJ

ROBERT BASEVITZ,

Plaintiff

v.

FREMONT RE-2 SCHOOL DISTRICT;

RHONDA ROBERTS (formerly known as RHONDA VENDETTI), Individually and as superintendent of Fremont RE-2 School District;

BRIAN SCHIPPER, Individually and as Principal of Florence High School;

Defendants

---

**CONSENT DECREE WITH REGARD TO FREMONT RE-2 SCHOOL DISTRICT**

---

The Court, having been advised that the Parties have agreed to the terms of this Consent Decree, and the Court having been further advised in the premises, does hereby find as follows. The following terms apply to Fremont RE-2 School District (the "District").

## ORDER

*Preamble*: Nothing in this Agreement is intended to prohibit District employees from exercising their First Amendment rights freely on their own time, while not acting as an employee of the District, nor does it alter the legal rights of students.

A. When acting in their official capacities, District employees may not engage in religious activities with their students, such as praying with them. In addition, District employees must avoid activities that would reasonably lead students to perceive religious endorsement by the District.

B. A district-wide ban on all school-sponsored prayers or other religious expression before school-related captive audiences, such as at all-school assemblies, classroom presentations, graduation ceremonies, and school-sponsored scholarship nights.

C. A district-wide ban on school sponsorship or endorsement of any religious groups or organizations.

D. A district-wide ban on all distribution of religious literature by District employees acting in their official capacity.

E. A district-wide ban on school-sponsored or school-endorsed religious activities, including sponsorship or announcement of prayer by District employees acting in their official capacities.

F. Student-led religious groups must be genuinely student-led. District employees may attend such religious groups as observers only, to ensure that school rules are being followed. Non-school persons may not direct, conduct, control, or regularly attend activities of student groups.

G. A district-wide ban on all school-sponsored prayer request boxes. Further, the District must ensure that any prayer request boxes in District facilities do not reasonably give the appearance of District endorsement of religion. For example, a prayer request box that is regularly and openly displayed in the school during instructional hours is prohibited.

H. A district-wide ban on all ceremonies or gatherings, involving prayer or otherwise, that impede safely entering or exiting any school building door.

I. A district-wide ban on school-sponsored religious activities, regardless of whether those religious activities occur in school facilities or elsewhere. School-sponsored activities may go to religious sites only so long as there is a legitimate secular reason for doing so, and there is no reasonable non-religious alternative. For example, athletic teams may travel to a religious school to participate in a sporting event.

J. The District and Cowboy Church at the Crossroads ("the Church") have mutually agreed that the Church will no longer use District facilities for its worship services. The Church has made a public announcement of where it will conduct such services in the future. The District will also prohibit the use of District facilities by any group that impairs the District's ability to carry out its educational mission, including groups that create a reasonable risk of liability for violation of constitutional mandates.

SO ORDERED, this 29 day of July, 2015

_____
U.S. District Court Judge